**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARNOLD MERCER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DIETZ & WATSON, INC.** | : | **NO. 15-3928** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                        **November 19, 2015**

Dietz & Watson, Inc., has moved to dismiss this action brought by former employee Arnold Mercer for violations of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA").  It argues that Mercer failed to exhaust administrative remedies for his ADA claim and failed to plead sufficient facts for his FMLA claim.

We conclude that Mercer exhausted his administrative remedies because the EEOC issued its right to sue notice more than 180 days after Mercer faxed his charge to the EEOC.  Mercer has also alleged sufficient facts to support an FMLA retaliation claim, but he has failed to state an FMLA interference claim.  Therefore, we shall grant Dietz & Watson's motion with respect to the FMLA interference claim, and deny it in all other respects.

**Background**[1]

Mercer had been employed by Dietz & Watson for over three years when he sustained a work-related injury to his shoulder on August 12, 2014.[2]   Mercer

---

[1] As we must in considering a Rule 12(b)(6) motion, we accept the facts recited in Mercer's complaint as true and view them in the light most favorable to him.

[2] Compl. ¶¶ 11, 14.

immediately reported his injury to Dietz & Watson.[3]  The day following his injury Mercer asked to be assigned light-duty work.[4]  Due to his extreme pain, his doctor recommended he take a brief medical leave of absence.[5]  Mercer then took an approved one-week medical leave.[6]

After returning from medical leave, Mercer was assigned to light-duty work.[7]  He continues to require medical treatment, and his condition limits daily activities, such as "lifting, pushing, pulling, and working."[8]  After his return, management treated him with "animosity and hostility."[9]  On October 6, 2014, without any prior warning, Mercer was terminated for "alleged performance issues."[10]

Mercer filed a charge of discrimination with the EEOC by fax on October 16, 2014.[11]  The EEOC did not date-stamp the charge as "received" until two weeks later on October 30, 2014.[12]  The EEOC issued its standard Notice of Charge of Discrimination on March 18, 2014, giving Dietz & Watson until April 20, 2015 to respond to Mercer's charge, and until March 30, 2015, to accept an invitation to mediate the issues.[13]  Dietz

---

[3] *Id.* ¶ 14.

[4] *Id.* ¶ 17.

[5] *Id.* ¶ 18.

[6] *Id.* ¶ 19.

[7] *Id.* ¶ 20.

[8] *Id.* ¶ 15.

[9] *Id.* ¶ 21.

[10] *Id.* ¶ 22.

[11] Mercer's Resp. in Opp'n to Mot. to Dismiss, ("Resp.") at 7 (Doc. No. 14).

[12] Mot. to Dismiss, Ex. A, "Charge of Discrimination" (Doc. No. 6-2).

[13] Mot. to Dismiss, Ex. B, "Notice" (Doc. No. 6-3).

& Watson returned the Mediation Response Form and proposed three mediation dates: April 10, April 14, and April 22, 2015.[14]

On April 16, 2015, without scheduling mediation and without waiting for Dietz & Watson's response, the EEOC issued a Notice of Right to Sue, stating that "more than 180 days have passed since the filing of this charge."[15]

Mercer filed his complaint in this court on July 15, 2015, asserting causes of action under the ADA, the FMLA, and a state law cause of action for wrongful discharge.  Dietz & Watson moved to dismiss, contending that Mercer did not exhaust his administrative remedies because the EEOC issued its right to sue notice before 180 days had passed after the charge was filed, and he failed to state a cause of action under the FMLA.

## Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  It must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[14] Mot. to Dismiss, Ex. C, "Mediation Invitation Response Form" (Doc. No. 6-4).

[15] Mot. to Dismiss, Ex. D, "Notice of Right to Sue" (Doc. No. 6-5).

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557).

A conclusory recitation of the elements of a cause of action is not sufficient. The plaintiff must allege facts to make out each element. In other words, the complaint must contain facts which, if proven later, support a conclusion that the cause of action can be established.

### Exhaustion of Administrative Remedies

Section 706(f)(1) of Title VII requires the EEOC to issue a right to sue notice if it has not taken action within 180 days of the filing of a charge:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . , the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .

42 U.S.C. § 2000e-5(f)(1).

A right to sue notice is a prerequisite to filing a Title VII suit. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). The issuance of a right to sue notice indicates a complainant has exhausted administrative remedies. *Id.*

Dietz & Watson argues that although Mercer received a right to sue notice, the EEOC issued the notice twelve days before the 180-day period expired, depriving Dietz & Watson of its ability to respond to and mediate the charge.[16] Dietz & Watson argues

---

[16] Mot. to Dismiss at 7 (Doc. No. 6-1).

the 180-day processing period began when the EEOC date-stamped Mercer's charge as "received" on October 30, 2014.[17]  If that was the date of receipt, the right to sue notice was issued twelve days early.

It is apparent that despite the time-stamped receipt date, the EEOC realized that Mercer's charge was filed two weeks earlier on October 16, 2014, when it had been faxed to the EEOC.  When the EEOC noted 180 days had passed, it implicitly acknowledged that it had received the charge on October 16, not October 30, 2014.  *See Holender v. Mut. Indus. N. Inc.*, 527 F.3d 352, 357 (3d Cir. 2008).

Whether the right to sue notice was issued 168 or 182 days after the notice of charge of discrimination was filed does not matter.  If the notice was issued prematurely, it was not Mercer's fault.  Either the EEOC counted from the date Mercer faxed his charge or it counted from its date-stamp.  In the latter instance, it miscounted and issued the notice twelve days early.  *See Cronin v. Visiting Nurses Ass'n of St. Luke's Hosp.*, No. 08-5215, 2009 WL 3152172, at *6 (E.D. Pa. Sept. 30, 2009) (finding exhaustion of administrative remedies even if "EEOC representatives . . . miscounted the days that had elapsed since the filing of [plaintiff's ADA] complaint").  In either event, Mercer exhausted his administrative remedies.

### FMLA Retaliation and Interference

Under the FMLA, an eligible employee is entitled to twelve weeks of leave during any twelve-month period for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).  A "serious health condition" is defined as an "illness, injury, impairment

---

[17] Mot. to Dismiss, Ex. A, "Charge of Discrimination."

or physical or mental condition that involves . . . continuing treatment by a health care provider."  29 U.S.C. § 2611(11).

"Continuing treatment by a health care provider" is defined in the regulations as a period of incapacity of more than three consecutive, full calendar days that involves (1) at least two medical treatments within thirty days of the first day of incapacity or (2) medical treatment on at least one occasion that results in a regimen of continuing treatment under the supervision of a health care provider.  29 C.F.R. § 825.115(a). "Incapacity" is defined as the "inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom."  29 C.F.R. § 825.113; *Schaar v. Lehigh Valley Health Servs., Inc.*, 598 F.3d 156, 159 (3d Cir. 2010).

Mercer alleges a one-week period of incapacity and two medical visits within thirty days of his incapacity.  He also alleges continuing treatment.  After his injury on August 12, 2014, Mercer took approximately one week of medical leave to "care for and treat" his condition as recommended by his doctor.[18]  Mercer alleges he saw his doctor twice within two days of his injury,[19] and continues to receive "medical treatment and oversight."[20]  Thus, contrary to Dietz & Watson's contention, Mercer has sufficiently alleged a qualifying health condition.

Dietz & Watson also contends Mercer did not plead he was medically unable to perform the functions of his position.  An employee is "unable to perform the functions of the position" if a "health care provider finds that the employee is unable to work at all or

---

[18] Compl. ¶¶ 18, 19.

[19] *Id.* ¶ 18.

[20] *Id.* ¶ 15.

is unable to perform any one of the essential functions of the employee's position . . . ." 29 C.F.R. § 825.123. Dietz & Watson notes Mercer's complaint lacked a "finding by a health care provider" that he was unable to perform one of the essential functions of his position.[21]  To the contrary, Mercer's doctor prescribed medical leave. Following the medical leave, Dietz & Watson assigned Mercer to "light duty" work. His condition limits daily activities such as "lifting, pushing, pulling, and working."[22]  These alleged facts support an inference that Mercer was medically unable to perform at least one essential function of his position. Otherwise, he would not have been assigned to light duty.

Under the FMLA, an interference claim arises where the employer interfered with the employee's substantive rights under the FMLA. *Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149, 154 (3d Cir. 2015); *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014). A retaliation claim is based on the employer's having discriminated against the employee in retaliation for engaging in activity protected by the FMLA. *Hansler*, 798 F.3d at 149, 158-59; *Ross*, 755 F.3d at 193.

To make out a retaliation claim, the employee must allege: (1) he requested FMLA leave; (2) he suffered an adverse employment action; (3) the adverse action was causally related to the request for leave. *Ross*, 755 F.3d at 193.

Mercer has alleged that he requested FMLA leave which was granted. Less than two months after asking for and taking the leave, he was fired. These allegations are sufficient to state an FMLA retaliation claim.

---

[21] Mot. to Dismiss at 10.

[22] Compl. ¶ 15.

To state an interference claim, the employee must allege: (1) he was an eligible employee; (2) the employer was covered by the FMLA; (3) he was entitled to FMLA leave; (4) he gave notice to the employer of his intention to take FMLA leave; and (5) the employer denied benefits to which the employee was entitled under the FMLA. *Id.* at 192. The employee must allege that FMLA benefits were actually withheld. *Id.* An interference action is not about discrimination, but rather whether an employer provided the employee his FMLA entitlements. *Callison v. City of Phila.*, 430 F.3d 117, 120 (3d Cir. 2005).

Mercer alleges his termination interfered with and precluded him from taking future medical leave.[23] He conflates an interference claim with a retaliation claim. *See Ross*, 755 F.3d at 192. Mercer has not alleged Dietz & Watson withheld any FMLA benefits during his term of employment. On the contrary, he has alleged that he received all the benefits he requested. Nothing in the complaint supports an inference that Mercer will be entitled to FMLA leave in the future. Thus, there are insufficient factual allegations to support a conclusion that Dietz & Watson interfered with Mercer's substantive rights under the FMLA.

Mercer has sufficiently alleged an FMLA retaliation claim. He has not stated an interference claim.

## Conclusion

We shall grant Dietz & Watson's motion with respect to the FMLA interference claim and deny it with respect to all other claims.

---

[23] Reply at 17.